Good morning, Your Honor. May it please the Court. Dan Poulsenberg for Wells Fargo. While this case has certainly an interesting and unusual procedural twist in it, I think there's a way we can address this case on narrow, substantive grounds and make the easiest decision, what is essentially my fallback position, that the arbitrator in this case manifestly disregarded the law. Well, I'm not sure that's the place I'd start. The interesting procedural question might be dispositive. It may. And, Judge Reinhart, I'm sure that you would find it interesting. What happened in this case? And I should say that I wouldn't start there for another reason, which is that manifest disregard is a really tough standard. It is a really tough standard. I agree. I think we meet it in this case. And oddly enough, Mr. Johnson doesn't even contest that we meet it. All they argue is that it's a tough standard. They don't address it. Well, let's – the problem with the procedural, skipping the procedural question Let's do it. is that, I mean, there are sort of several related procedural questions. But one of them is that the district judge, because of his understanding of the agreement, didn't do anything. Right. That's a problem for us. I mean, quite aside from whether it's your problem. And I did think that you would have a problem with that, what happened in this case. And it's in the transcripts in the district court. When I became involved after the judgment was entered, I actually appeared in front of the district judge and said, you know, the Ninth Circuit may have a problem with you saying that you don't have to decide. That's an understatement, I think. Wouldn't you have a problem with the Ninth Circuit if it didn't have a problem with this? I'm not asking you in your representative capacity for your client, but if I could ask you just as a member of the bar. As an appellate lawyer, I did foresee that the issue may come up. But if you look at what Judge McQuaid did, essentially what he did is he made this a two-tier system. Ironically, he's already a magistrate judge. And what he did was he decided most of the issues in the case, dismissed three of plaintiff's four causes of action, and decided here is what plaintiff has to prove. And then the parties stipulated and the judge ordered that the case would go to an arbitrator, essentially a master under Rule 53 or some form of alternate dispute under Rule 16, and the way the judge read his own order. Now, admittedly, the language tracks Section 9 of the Federal Arbitration Act that says that the district court must enter judgment unless the court vacates or modifies the award. Since it was his order, he read that and repeatedly read that as saying that he is simply to rubber stamp what the arbitrator does. In other words — He forgot the unless part. He didn't want to be bothered with motions. And he thought he was required to enter the rubber stamp, as he said. Yes, he did. But he was bothered by the fact that people were making the motions that unless call for it. I said I don't really see what it is we can do about that other than return it to him. I guess you're not the one to ask. But to return it to him to rule on the motions that are permitted under the unless part. Well, that is certainly an option. And that's one of the options that I've considered. Well, maybe the question is, is it an option or are we required to do that? Well, the question would be whether the judge can say we will have essentially a private trial of this case, and that private trial will have full appeal rights to the Ninth Circuit. And that the district court, the district judge — Well, first of all, do you think the agreement said that? The judge said that it said that. I know he said that. But do you believe that that's what the agreement says? That is what we thought it said when we entered into it, yes. Could you enter into an agreement meaning no disrespect from the Ninth Circuit, could you decide that it would be fun to go to the Federal Circuit instead? I think that would be a little difficult. Why? How about the Supreme Court? Well, no, the Supreme Court's jurisdiction is different. The Supreme Court has discretionary jurisdiction, where this Court has jurisdiction to hear — Well, did you agree to skip the Ninth Circuit and have everybody file petitions for search of the Supreme Court? Well, no. It is fun to take what happened in this case to its — Well, frankly, I don't even know why you think it happened, because all it says is with appeal rights. And I would — I mean, absent some gloss by all of you who seem to think it says something else, I would just read that meaning whatever the Federal Arbitration Act allows, i.e., going to the court for motions to vacate and so on. But that's not what we meant when we entered into it, and that's not what Judge McQuaid meant when he signed it. And that is clear. But let me — Well, there's really nothing in the record that makes that clear except one thing, and that's what the arbitrator said. But nothing that he said and nothing that you said on the record says that. I will agree that we did not say on the record. But Judge McQuaid did say that at three different hearings. Well, he said — he said my understanding is that I'm just supposed to rubber stamp it. But he didn't say that full appeal rights means as if it was the court. Very well. There are two things that Judge McQuaid could have meant. Obviously, he was — as I'm saying, there are three levels. There's the arbitrator, the district court, and the court of appeals. He is taking himself out of it. Now, the question is whether he is delegating to the arbitrator the responsibility to try the case, and then there are appeal rights to the Ninth Circuit as if it was a court. Exactly. Is that your understanding? That is my understanding. But if it — and Judge McQuaid is not clear whether he meant that or what he said was. Including motions to vacate? Yes. He said when we made — as you pointed out, when we made the motions to vacate and raised all the problems that we had with the arbitrator, the judge said, no, I'm not hearing anything. All that has to be raised in the court of appeals. But on that theory, then it wouldn't even be a motion to vacate on an FAA manifest disregard standard. It would just be an ordinary appeal such that if the — if he was wrong as a matter of law, we just would have to know from our view. Is that what you're arguing? Well, that is my primary argument. My fallback argument is that the court can look at this, either this court under Judge McQuaid's order or on remand to the district court can look at it under the FAA. But we went to Judge McQuaid on October 17th, and in that transcript we asked how do we handle this. We want to raise all these issues. And he said, I just entered the judgment. He hadn't done it at that point. I just entered the judgment, and you go up on appeal to the Ninth Circuit. Do you want to give us some legal argument about why it's okay to do any of those things, i.e., either to skip the district court, which I gather you're not really arguing in favor of, or to change the review standard, which, of course, we have a recent Supreme Court case about, and plus Kiyosara. But because that's what you're arguing for. You're arguing for both. I am arguing for both, and the alternative. I think under both of them. Well, not in the alternative. You're arguing this contract did both. Both skipped the court of appeals and made the – skipped the district court and made the appeal a full appeal. I'm arguing that it skipped the district court in one of two ways. Either it – the district court said somebody else will have a private trial of this case with full appeal rights to the – to the circuit court. Or that – Could you – could you select which court of appeals judges, meaning no disrespect, could the parties decide that they wanted judges Reinhart and Burson rather than getting them, as you did, by random, plus some other unnamed judge rather than – than any of the, what is it, 60 other public judges you have? It seems like it. I wish that I could. But I think that – I wish I was asking that question facetiously, but I'm – No, I don't think – and I apologize for answering it facetiously. No, no, no. I'm – No, because I think that – I don't think the district court had the ability to enter to control the procedures in the court of appeals. But the district court did have the ability, at least under Rule 16. And that's why I think it's different from Hall Street to say what procedures it was going to enter into in the district court. And I – and I don't think that this is much – What do you mean by procedures? You mean to skip motions to vacate, amend, to bypass those and turn them over to the court of appeals? Well, yes and no. No in the sense that what I think the judge was doing is saying, all right, I'll have somebody else try the case instead of myself, and then enter judgment on that as though I tried the case. Well, if you're saying that, you know, could he say – pick somebody out of this audience and say, you go try this case for me, I'm going to go home, come sit up here and try the case? If the parties agreed, yes. Well, we'd have to charge him rent. And from there to the court of appeals? No, no, no. Let me go to my point. I'm sorry, Your Honor. Rule 16 presumably can conflict with a Federal statute. There's a Federal statute, 28 U.S.C. 651, Authorization of Alternative Dispute Resolution, and it sets up the court or sets up the authorization for court-affiliated alternative dispute resolution. And it says with regard to arbitration that the judgment so entered shall be subject to the same provisions of law and shall have the same force and effect as a judgment of a court in a civil action, except that the judgment shall not be subject to review in any other court by appeal or otherwise. So that seems to have a contrary view, but it certainly doesn't suggest that you could just go right to the court of appeal on that. Well, I think what the judge was doing is referring the matter to somebody else to try. But let me go to my fallback position, and my fallback position would be that this time in the court of appeals, and that is why, when I became involved and saw that, I did raise the motions in the district court. And the judge said, no, go directly to the court of appeals. I think that you can vacate the arbitrator's determination simply under manifest disregard. I do think ñ I understand it's a rigid requirement, and it's a requirement that I think ñ that this circuit said survives Hall Street. But if the court is having a problem with that, then your suggestion of a remand to the district court to have the district court address the issues would be the appropriate thing to do. Your Honor, I'd like to save the balance of my time for rebuttal. Thank you, counsel. Thank you, Your Honor. Good morning, judges. If it pleases the Court, Tory Pankow on behalf of Wes Johnson. First of all, all we have to do is go to the four corners of the contract, the stipulation between Mr. Johnson and Wells Fargo. The contract was drafted by counsel for Wells Fargo, seasoned attorneys from a law firm with hundreds of attorneys. In that contract, it specifically says two times that the Federal Arbitration Act is to apply to the arbitration and when the court issues its order entering judgment on the arbitration award itself. And in the agreement, it says unambiguously that unless the district court vacates or modifies the award. And what happened back in April of 2009 was that's what the court did. Wells Fargo brought a motion to correct or modify the order because of a miscalculation in the judgment itself in terms of cost and the attorneys' award. At that point, when Wes Johnson moved to have the award confirmed, that put Wells Fargo on notice to raise any issues that they had under the Federal Arbitration Act to regarding manifest unjustness, unjust. But, I mean, aside from whether they should have done that or shouldn't have done it earlier than they did it, my recollection is they sort of tried to and the judge cut him off because when they did it, officially do it, he said quite clearly what his understanding was, so what would have made a difference? I mean, he plainly thought that he was not supposed to do that. And he wouldn't do it and he refused to do it. So what good would it have done to raise him? And they tried to raise him. They were cut off. Well, they didn't raise him at the time when Wes Johnson moved to have the award confirmed. Well, as I read that hearing and I didn't go back and read what happened earlier, but the lawyer for Wells Fargo said when we were here before, I said I reserved the right to file the motions. And it was after that that you just entered the judgment. I'm sorry. Could you repeat that? I said the lawyer for Wes – I'm sorry, the lawyer for Wells Fargo said at the hearing that before the judge entered the judgment, he had said we have motions and we reserve the right to raise those motions, that that was before the judgment. That was at the hearing on confirmation of the arbitration award you're referring to. That conversation did not occur. But at one point, they said to him, Wells Fargo tends on appealing this arbitrary order, asking me no matter if I am vacated, how do you want to deal with that? That's not happening. Now, my understanding is you want to take it up, you take it to the Ninth Circuit. I was out of the case. And so he said I'm not going to do it. So what were they supposed to do about that? That was at the hearing on the confirmation of the arbitration award. No, I don't think so. I think it was after that that they went ahead and filed the motion anyway. And so that's my point. But they said that they had done it earlier. They said at that hearing before we advised you previously that we want to have these motions heard. Well, at that hearing, my recollection is that did not occur. I mean, they tried to raise it. They said to him, I want to know, should we file something? He said, no, I'm entering judgment today. You can't file anything. So it just doesn't work. So let's get to the merits of what's happening. Well, going back to the other comment that the Court made regarding just possibly remanding this back to the district court and having to hear these motions, I'd like to point out that the motions that were filed in the district court that were Wells Fargo to attack the arbitration award. Well, now you're saying the same thing again. They did file eventually. He didn't let them file it. And eventually, to protect the record anyway, they did file. Right. Okay. No, I don't think I'm saying the same thing. What I'm saying is that, yes, they filed the motions. They raised their arguments attacking the arbitration award based on the evidence that was presented. Right. But they did not bring any legal issues or make the argument under the Federal Arbitration Act under Section 10 where they talk about, you know, whether there was fraud or undue influence by the parties against them. That's what I'm saying. They didn't even raise those issues. So to remand it back to the Court and do that. They didn't raise a manifest disregard standard. I understand that a manifest disregard is a slot, is a gloss on the four or five provisions, but it's the one we use, and that's what they were asking for, no? Right. I mean, that's that. But they didn't make the argument that it was a manifest disregard of the evidence in those motions. So my point is to go back to the district court with that and just co-align this, and we'll be back here again in another 24 months. What did they argue? I thought they argued essentially what they're arguing here. Is that not so? They did not argue anything under the Federal Arbitration Act. When they first brought the motion, they brought it under the Federal Rules of Civil Procedure, and then when they found out that that wasn't procedurally correct, then they brought a motion under the Federal Arbitration Act, and they did not make any of those arguments regarding that. But I'd also like to add that there's nowhere in the agreement where it talks about full appellate rights. The only thing it talks about is the Federal Arbitration Act. So what is your construction of the agreement? Is it your construction of the agreement that they were supposed to skip the district court, but you were supposed to come here on the manifest disregard standard and not on a different standard? My understanding of what the agreement was was that the Federal Arbitration Act was to apply, that when I moved to or when Wes Johnson moved to have the arbitration award confirmed, then that put Wells Fargo on notice that they would have to bring a motion under the Federal Arbitration Act if they wanted it modified or vacated. And what they did is they brought a motion under the vacater, and they subsequently brought a motion under the Federal Arbitration Act. But I don't understand what your position is. I understand that your position is that the substantive standard that governs is the FAA standard, but I don't understand what your position is about whether the agreement does in fact sanction the skipping of the district court. I don't know. That is not my understanding of the agreement. My understanding is after the court issued an order, as it says in the agreement itself, that if the court vacates or modifies the award, that decision can be appealed to the ninth circuit. So the district court should have, if it were properly made, and you can test whether it was properly made, but should have entertained a motion, a substantive motion of the kind made here. So the district court was mistaken. Do you agree about that? I agree. Okay. So why shouldn't we remand it for him to do what he should have done? Because I – because in my opinion, the motions that are on – that were filed in the district court do not make any arguments under the Federal Arbitration Act, under 10, in terms of, you know, fraud or collusion of parties in the arbitration agreement. But what about manifest disregard in the sense that we've used it? I mean, maybe we shouldn't have. I mean, there's a footnote in Hall Street that says where is this coming from. And there's a question there. But we continue to apply some notion that – of a very extreme form of deferential legal and factual review. Whether we should be or not is another question, but we're still doing it, even after Hall Street. Well, if the argument is in their motions that they filed already regarding manifest disregard, which I believe it is not, then the court should rule on that. The district court should. But if those arguments aren't in there, it shouldn't be remanded. Whatever they are, they're motions. The judge in the first place confirmed the award, saying it's here, so I confirm it. He didn't even look at the award. He said, I've got an award. My duty is to confirm it, whatever it is. And I can't do anything about it. I take any problems you have to the court of appeals. Then there are motions. You know, I have no idea. You may be right. You ought to say these motions are beyond the Arbitration Act, beyond the agreement. Therefore, they're denied. But you can't say, take those motions to the court of appeals. It may be that it will take them five minutes when we remand it to say these motions are beyond the pale. I don't have to get to the merits, because they're the kind of motions I can't consider. But he's got to do something with it. Well, the motions were denied. They were submitted. There was a hearing on it, and he denied them. On the grounds that I'm not even going to look at them. I mean, that's what I'm saying. I denied them because I'm not – it's beyond my authority, and I'm not looking at them. You're correct. Okay. I'd like to – I've only got about five and a half minutes left, so I'd like to move on to my cross-appeal, if that is all right with the Court. Well, you can. You want to stay on this topic? That would be fine. No, I don't. I don't particularly want to stay on any topic, because I think this topic is going to dispose of it. But, you know, we can go. You have substantive challenges to the part of the case that did not go to the arbitrator. That's correct. Okay. Go ahead. The – well, there was a motion for summary judgment dismissing the rest of the claim based on the Regulation Z and interpretation of the staff committee comments saying that credit transactions are not governed by RESPA. And clearly, the Regulation Z is used to interpret the TILA statutes and regulations. But maybe you ought to tell us whether you think we have jurisdiction over that part if the rest of the case is not yet final. Pardon me? I said, do you think we have jurisdiction over those issues when the case as a whole is not final? Because it's on a cross appeal? Because it's a cross appeal to the appeal? Because the – there's no final judgment if we remand. It may not be. I'm just asking the question. If we determine that the other part must be remanded, can we still proceed with these parts? I think for judicial economy, we should, because if those are going to go back down there, maybe they'd be arbitrated together or they'll arbitrate – I mean, they'll have to go back to trial. And there was, in fact, a judgment. I mean, he filed a judgment. Yes. He filed something that was a judgment and reported to be a final judgment. He just didn't do what he should have done, perhaps, in – so it's not really a lack of judgment. Right. There is a judgment. There is a judgment entered on the arbitration award. So there is a final judgment in the case. So, you know, whether this – the motion for summary judgment, the ruling on that is clearly, you know, ripe for a decision, an appeal to the – this Court. I just wanted to ask your position. That's my position. Okay. So – so then again, the Court's use of the staff comments on – in eliminating the RESPA cause of action is unfounded, and it also leads to an absurd result. The absurd result being that a – the definition of a federally related mortgage loan under RESPA in 2602 states it refers to one to four-unit families, that the federally related mortgage loan is subject to the requirements of RESPA. Then in 26 – And that's the reason you're saying it's unfounded. It's because he – this was a rental property. This was a rental property. He wasn't living in that house. That's correct. So what it says about one to four families if you're living in the house is relevant. It's only relevant if – the only thing relevant here is the – is the provision that deals with a total rental property, not an owner-occupied rental property. Aren't there two separate sections? Yeah, well, it is relevant because we're talking about RESPA, the Real Estate Settlements and Procedures Act, and we're also talking about TILA, the Truth in Lending Act. I understand that. Right? But aren't the – aren't there two separate provisions? One that deals – in these comments, or the staff – whatever it is – isn't – one deals with rental property, and the other one deals with owner-occupied property as to which some units are rented. That's correct. And you're talking about the second one, but that one doesn't even apply here. I'm talking about both of them, okay? But the second one doesn't apply here, so let's not talk about it. The second comment doesn't apply? Yeah. Well, first of all, the comments refer – are referring to TILA, whether we're talking about the first one or the second one. I understand that, but your complaints about why they're inconsistent with something are about the second one, and the second one doesn't apply. Well, because first of all, you know, the comments say under TILA that if you're renting an owner-occupied piece of property and it's a two-family unit – two-unit family abode, then it's not – it's not considered a business transaction, right? But this is not that. I understand that. That's why it's so confusing. What's confusing about it? This doesn't apply. Go to the other section. The other section says that if it's rental property, it's commercial, period, the end. Well, that – then that means RESPA doesn't apply to any federally-related mortgage loan, right? Because if you – if anybody buys a rental house and it's got four units in it and they – and they don't live in it, then RESPA doesn't apply. The whole purpose of RESPA is to give notice of the assignment of these notes and deeds of trust that are being traded on the secondary market as securitized loans. And so the borrowers need to know who they have to pay the money to. And so when we're talking about RESPA, federally-related mortgage loans are one-to-four-unit family homes. If you interpret or use the staff comments to interpret what a credit transaction is, then that eliminates the definition of what a federally-related mortgage loan and what a person has to do or what the banks have to do to comply with RESPA. So a ruling such as this means that the owner who buys a rental unit property has to live in it and it can only have two units in it for RESPA to apply. And that's HUD or the Federal Reserve Board making that decision. I'm a little confused. It is confusing. Why do you just buy a house and live in it? Does RESPA apply to that? Well, let me ask you this. Well, what's the answer to that question? Why buy – just buy a house and live in it? You can do that. Doesn't RESPA apply to that? Yeah. RESPA – if we all – anyone that owns a house in here – All right. So your notion that RESPA doesn't apply to anything is a complete exaggeration. That's not true. If I bought a four-unit apartment building or townhouse or whatever you want to call it. I know. But you're trying to say that there's something wrong with this interpretation because it leads to a situation where RESPA doesn't apply to anything. And, in fact, RESPA applies to everything. Well, then if RESPA applies, then the ruling should be reversed because RESPA applies to his four-unit rental property because that's – because it falls in the definition of what a federally related mortgage loan is. That's my point. I mean, these comments say that if you buy a four-unit property, RESPA doesn't apply because it's a business transaction. Fine. So what's wrong with that? And the statute says – Well, then – The statute says look to TILA. TILA says look to this regulation and the comments. And you do that, and you come out with a situation where if you own property and rent it, it's a business transaction. But if you own the property and live in it, it doesn't. So what's the problem? The problem is, is that the banks and the subsequent assignees of these notes don't have to comply with RESPA. Okay. Right? Because if I – I think we have challenged it. Pollock had a question. I think then we have to end the argument. Is it your thought that the staff comments are something that shouldn't be looked at because there's no ground for deferring to them? Or what? Are they totally unauthoritative? I think – How should they be treated by this Court? I think those two particular comments do not eliminate RESPA as a cause of action for Mr. Johnson. Because that's my interpretation. Yeah, you can look at it, but there's nothing giving the courts or anybody reading the regulations or the comments guidance as to whether the purchase of a four-unit apartment building is regulated by RESPA. I'm trying to understand why – how you want us to treat the disagreement between yourself and the staff comments. I mean, I appreciate where you want it to come out, but I also wonder whether that means that the staff comments can be ignored or does it mean that, with all respect, you should be going to Congress to change the statute? Well, I certainly think they should be ignored because they're interpreting what a business transaction is under TILA. That's what the staff comments meant to do. That's what they were thinking about at the Federal Reserve Board when they were making the regulations and when they commented on what a credit transaction is. So, yes, Regulation X says that the courts and the parties and the banks can all go look at Regulation Z for an interpretation as to what a business transaction is. But if you look at those two particular comments under Regulation Z, that changes the entire definition as to what a federally related mortgage loan is. Because nowhere in Respite does it say you have to live in the house in order for it to be a federally related mortgage loan. All right. Thank you, counsel. Thank you. I don't really see a need for rebuttal. I'd be happy to answer questions. Thank you, counsel. Thank you, Ron. The case to start will be submitted.
judges: Pollak, Reinhardt, Berzon